KEVIN B. BRIGGS
 County Counsel
MICHAEL R. LINDEN
 Deputy County Counsel – State Bar No. 192485
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California  93721
Telephone:  (559) 600-3479
Facsimile:    (559) 600-3480

Attorneys for Defendant
COUNTY OF FRESNO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| GENERAL SECURITY SERVICES CORPORATION,<br><br>                     Plaintiff,<br><br>        v.<br><br>COUNTY OF FRESNO,<br><br>                     Defendant. | Case No. 1:11-CV-00724 MJS<br><br>**STIPULATED PROTECTIVE ORDER** |

   IT IS HEREBY STIPULATED by, among, and between defendant COUNTY OF FRESNO (hereinafter "Defendant") and plaintiff GENERAL SECURITY SERVICES CORPORATION (hereinafter "Plaintiff"), that certain documents sought by Plaintiff pursuant to its Request for Production of Documents, Set No. 1, contain information related to Juvenile Court proceedings, and as such will be produced subject the following Protective Order:

   1.   The disclosed documents designated as "confidential" shall be used solely in connection with the civil case entitled *General Security Services Corporation v. County of Fresno*, United States District Court Case No. 1:11-CV-00724 MJS (Eastern District of California), and in the preparation and trial of this action, and any related proceedings.  No waiver of any objection to the admissibility of the documents subject

to the instant protective order should be implied.  Defendant also is not waiving any objection previously set forth to the aforementioned Request for Production of Documents.

    2.    The "confidential" documents and materials are identified as follows:

        a.    Probation Department "face sheets" for juvenile probationers identified by Plaintiff in their claim for reimbursement under the subject contract;

        b.    All portions of the Probation Department's chronology documents for each juvenile probationer identified by Plaintiff in their claim for reimbursement under the subject contract related to electronic monitoring;

        c.    Documents containing electronic monitoring information for each juvenile probationer identified by Plaintiff in their claim for reimbursement under the subject contract related to electronic monitoring;

    3.    Documents or materials designated under this Stipulated Protective Order may only be disclosed to the following persons:

        a)    Barak Vaughn and Kelly Everett, Plaintiff counsel for Plaintiff, and all necessary person of Plaintiff;

        b)    Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

        c)    Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

        d)    Any expert, consultant, or investigator retained in connection with this action;

        e)    The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel.

    4.    Each recipient of documents or materials identified above, shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior

to the disclosure of the documents or material.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including, without limitation, any proceeding for contempt.  Provisions of this Stipulated Protective order, insofar as the restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom copies of the documents or materials are given by Plaintiff.

     5.    The production of documents and materials indentified above is without prejudice to the right of any party to oppose the admissibility of the designated information.

     6.    Copies of "Confidential" Documents

The following procedures shall be utilized by the parties in production of documents and materials designated "confidential" and identified above:

     a)    Plaintiff's counsel shall receive one copy of the documents or materials designated as "confidential" above.

     b)    Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the "confidential" documents to any source except those individuals to whom disclosure is permitted pursuant to paragraph 3, supra, without further order of the Court or authorization from counsel for Defendants.

     7.    Notwithstanding the provisions of paragraph 3 of this Stipulated Protective Order, documents or materials designated as "confidential" and produced pursuant to this Stipulated Protective Order may not be delivered, exhibited, or otherwise disclosed to any reporter, writer, or employee of any trade publication, newspaper, magazine, or other media organization.

8. Should any documents or materials designated "confidential" and identified above be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly:

    a) Inform counsel for the defendants of the recipient(s) and the circumstances of the disclosure, and

    b) Use best efforts to bind the recipient(s) to the terms of the Protective Order. Documents shall not lose their confidential status due to an unauthorized disclosure.

9. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, designated "confidential" and identified above will remain confidential. All documents and materials produced pursuant to this Stipulated Protective Order shall be returned to counsel for defendants in a manner in which counsel will be able to reasonably verify that all documents were returned.

All parties shall also ensure that all persons to whom documents or materials designated "confidential" and identified above were disclosed shall be returned to counsel for the defendants. The conclusion of this litigation means a termination of the case following trial, settlement, dispositive motion, or the exhaustion of all appeals.

10. No later than 30 days after settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having received the documents or materials designated "confidential" and identified above shall return said documents to counsel for the defendants.

11. If any party appeals a jury verdict, or order terminating the case, Plaintiff's counsel shall retain possession of all documents or materials designated "confidential" pending final outcome of the appeal after which they shall be returned to counsel for the defendants.

12. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation

terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court, or any Court having jurisdiction of an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

13.   The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of "confidential" material.

**IT IS SO STIPULATED.**

Dated:  April 23, 2012

                    KEVIN B. BRIGGS
                    County Counsel

          By:   /s/ Michael Linden
                  Michael R. Linden, Deputy
                  Attorneys for Defendant

Dated:  April 16, 2012

                    VAUGHN LEGAL GROUP

          By:   /s/ Kelly Everett
                  Kelly Everett
                  Attorney for Plaintiff

**ORDER**

IT IS SO ORDERED.

Dated:   April 20, 2012                /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28