UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL SECURITY SERVICES CORPORATION,<br>A Minnesota Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　　　Defendant.<br>_____ / | CASE No. 1:11-cv-00724-MJS<br><br>STATEMENT OF DECISION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 33) |

I.   **INTRODUCTION**

This case arises out of a contractual dispute between Plaintiff, General Security Services Corp. ("GSS"), and Defendant, the County of Fresno ("the County"). GSS seeks to recover sums allegedly due it pursuant to an agreement ("Agreement") under which GSS rented electronic monitoring devices to the County for use in tracking parolees and probationers.

The case proceeds on GSS's Complaint for state law breach of contract and breach of the covenant of good faith and fair dealing.

GSS is a citizen of Minnesota. The County is a California public entity situated in this district. The amount in controversy exceeds $75,000. This Court has diversity

jurisdiction.

The County brought this motion for summary judgment alleging that GSS failed to comply with California Government Claims Act prerequisites to bringing suit. After considering the briefs and argument of counsel and applicable law, the Court denied the County's motion for summary judgment at a hearing held January 25, 2013. (ECF No. 47.) Following is the Court's statement of decision on the matter.[1]

## II. FACTS

The Court finds that there is no real dispute as to any material fact in Plaintiff's four Undisputed Material Facts ("PUMF") or Defendant's twenty-five Undisputed Material Facts ("DUMF"). That which is proffered as reflecting dispute does nothing more than supplement, argue the effect of, or offer a different interpretation of a fact which is itself not disputed. The undisputed facts are summarized as follows:

In June 2004, the County and GSS entered into the Agreement under which GSS was to rent electronic monitoring devices and provide monitoring services to the County for use by its Probation Department in tracking parolees and probationers.

The Agreement stated that notices provided for or permitted thereunder or by law could be given to the County's Probation Department.

On October 31, 2009, the County terminated the Agreement. GSS then undertook to collect and inventory the equipment it had rented to the County under the Agreement. In doing so, it determined that the County owed GSS $245,610.95 for cleaning, cataloguing, and shipping the equipment, and, on December 10, 2009, billed the County Probation Department accordingly. On January 29, 2010, GSS advised the County Probation Department that its 45 day window for payment of the invoice had closed on January 27, 2010. The County Probation Department acknowledged receipt of the December 2009 invoice.

On March 26, 2010, the County Probation Department advised GSS of several

---

[1] The parties consented to Magistrate Judge jurisdiction for all purposes in this case.

1  grounds on which it disputed liability for the billed amount. On April 28, 2010, GSS
2  responded by adjusting the balance down to $221,810.05.
3        On May 11, 2010, GSS informed the County Probation Department that its
4  failure to pay was causing GSS consequential damages. On May 21, 2010, the County
5  Probation Department again denied liability and set forth new grounds for doing so. In
6  response, GSS reiterated that the County's failure to pay was causing consequential
7  harm to GSS.
8        On June 7, 2010, following a GSS and County Probation telephone conference,
9  the County Probation Department raised additional grounds for refusing payment. On
10 July 15, 2010, GSS responded by adjusting the balance down to $156,217.50. On July
11 30, 2010, the County advised of its unwillingness to pay the adjusted amount. GSS
12 made a further demand for payment of the $156, 217.50 amount on August 5, 2010.
13 The County Probation Department responded September 16, 2010, by claiming that its
14 maximum liability under the Agreement was $3,007.50.
15       On January 24, 2011, GSS's counsel sent a demand letter to the County
16 Probation Department. Greg Reinke of that department replied on February 1, 2011,
17 and advised GSS that before instituting a lawsuit against the County, GSS had to file a
18 claim with the County's governing board.
19       On February 14, 2011, GSS presented to the County Board of Supervisors a
20 Government Claim Act claim. On March 22, 2011, the County denied the claim on the
21 grounds that it was untimely.

## III. RELEVANT PROCEDURAL BACKGROUND

23       On May 3, 2011 GSS commenced this action against the County of Fresno for
24 breach of contract, breach of the implied covenant of good faith and fair dealing, and
25 conversion. On June 23, 2011, the County filed a motion to dismiss GSS's Complaint
26 under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be
27 granted. The County argued, as pertinent here, that the pleadings showed that GSS

1  had failed to comply with the presentation requirements of the California Government
2  Claims Act. Specifically, according to the County and the Complaint on file, the breach
3  of contract claim accrued on January 28, 2010, when the County failed to pay GSS's
4  invoice. The County argued further that GSS's January 29, 2010, letter to the County
5  acknowledged that the parties' Agreement obligated the County to pay the invoice by
6  January 27, 2010 and thus that, under the Government Claim Act, GSS had one year
7  thereafter, i.e., from that date of accrual, to present its breach of contract claim to the
8  County. However, GSS did not file a government claim with the County Board of
9  Supervisors as directed by the County Probation Department until February 14, 2011.
10 Accordingly, GSS's claim was untimely under the one year limitations period of
11 California Government Code § 911.2.

12      In response to the motion to dismiss, GSS raised three grounds for contending
13 its breach of contract suit was timely. Two of those (i.e., that the claim did not accrue on
14 this continuing obligation until GSS elected to treat the breach as terminating the
15 Agreement and that the statutory period was equitably tolled) were rejected by the
16 District Court and are not at issue here.

17      GSS also argued that its attorney's January 24, 2011, letter to the County
18 Probation Department substantially complied with the content requirements of the
19 Government Code and was sent to an employee of the Probation Department whose
20 functions included management or defense of claims against the County. GSS also
21 noted that Section XVIII of the parties' Agreement provided for the County to receive
22 notices required (by contract or law) through the Probation Department.

23      On September 2, 2011, the Honorable Anthony Ishii, U.S. District Court Judge
24 for the Eastern District of California entered his Order granting in part and denying in
25 part the County's motion to dismiss. (ECF No. 12.) As pertinent here, he found that:
26 GSS's breach of contract cause of action accrued on January 28, 2010; GSS's January
27 24, 2011, letter was submitted prior to the running of the one year limitations period of
28

Gov. Code § 911.2; the letter constituted a claim and substantially complied with the requirements of Government Code § 910 and § 910.2; sending that letter to the Probation Department was permissible under Section XVIII of the parties' Agreement and Government Code § 930.2; and, thus, the claim had been timely presented. Judge Ishii also found that the breach of the implied covenant of good faith and fair dealing claim accrued at the same time as the breach of contract cause of action and enabled GSS to seek contract (but not tort) remedies under that cause of action. GSS's tort claims were dismissed.

Because of its significance to the issue before the Court on this motion for summary judgment, Judge Ishii's analysis pertinent to these findings is reprinted in full:

> The County also points out that the January 24 letter was not sent to a person authorized by § 915 to receive notice of government claims. The County is correct. However, the Agreement included Section XVIII, which is entitled "Notification." That Section reads in pertinent part:
>
>> The persons and their addresses having authority to give and receive notices under this Agreement include the following:
>>
>> County:     Fresno County Probation Department
>>             1100 Van Ness Ave.
>>             . . . .
>>             Fresno, CA
>>
>> . . . .
>>
>> Any and all notices between the County and [GSS] provided for or permitted under this Agreement or by law shall be in writing and shall be deemed duly served when personally delivered to one of the parties, or in lieu of such personal services, when deposited in the United States Mail, postage prepaid, addressed to such party.
>
> Complaint Ex. A at Section 18. The County argues Section XVIII "merely references 'notices under this Agreement.'" The County appears to focus on the first paragraph, which indeed refers to persons having authority to give and receive notices "under this Agreement." However, as quoted above, the second paragraph of Section XVIII references "notices provided . . . under this Agreement *or by law*." By including the phrase "or by law," Section XVIII extends to notices beyond those that are provided for, or required by, the Agreement itself. Sending a claim or notice of a claim to a government entity would seem to be a notice provided "by law," specifically Government Code § 915 and § 945.4. Further, the Government Code "permits the parties to an agreement to alter the claims presentation requirements otherwise imposed by the act." [Alliance Fin., v. City and County of San Francisco, 64 Cal.App.4th 635, 644 (Cal. Ct. App. 1998)]; see Cal. Gov. Code § 930.2. One reading of Section XVIII suggests that such an alteration occurred in this case.

Section XVIII as a whole may be read as permitting a notice of claim required by the Government Claims Act to be sent to the Probation Department, since such a notice is a notice provided "by law" and it appears that the Probation Department may give and receive notices. Under this reading, sending the Letter to the Probation Department would not have complied with § 915, but would have complied with § 930.2 and Section XVIII. That is, sending the Letter to the Probation Department was appropriate.

The County contends that Section XVIII does not expressly state that it alters any requirement of the Government Claims Act. The County also relies on Section XXIII of the Agreement, which reads: "The rights and obligations of the parties and all interpretation and performance of this Agreement shall be governed in all respects by the laws of the State of California." However, the Court is unaware of any requirement that a contract must use particular language or expressly state that it changes specific requirements of the Government Claims Act. Cf. Cal. Gov. Code § 930.2. Further, Section XXIII appears to be nothing more than a choice of law provision that designates California law as controlling. As already cited, California law allows a public entity to alter the requirements of the Government Claims Act. See id.; Alliance, 64 Cal.App.4th at 644.

In sum, the Letter addresses all of the required contents of § 910, but does have technical deficiencies. However, those deficiencies are not material and the letter is in substantial compliance with § 910. Further, although the letter was sent to the Probation Department, one reading of Section XVIII is that the Agreement permits notices that are provided "by law" to be sent to the Probation Department. At this point, the Complaint (including the attached exhibits and the Letter which is incorporated by reference) adequately indicates compliance with the Government Code's claim presentation requirements. Dismissal of the breach of contract claim is not appropriate at this time. See Gay-Straight Alliance v. Visalia Unified Sch. Dist., 262 F.Supp.2d 1088, 1107-10 (E.D. Cal. 2001).

However, and of course of major significance here, Judge Ishii added, at footnote 9, the following:

> Other interpretations of Section XVIII are possible. However, under the Rule 12(b)(6) framework, allegations are taken as true and construed in the light most favorable to the non-moving party. [Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008).] At this stage, the Court need not definitively interpret Section XVIII. For purposes of this motion, it is enough that the Letter and Section XVIII appear to satisfy the Government Claims Act. If it so chooses, the County may raise the issue of Section XVIII's interpretation at a later time.

**IV.   Defendant's Motion for Summary Judgment**

The County's motion for summary judgement states its grounds as follows:

> Defendant moves for summary judgment on the basis that Plaintiff failed to comply with the mandatory claim presentation requirements of the Government Code. A government claim for breach of contract is required to be presented no later than one year after date of the accrual, and Plaintiff presented its claim to the Board more than one year after this date. **Plaintiff cannot rely on the letter sent by its counsel to Greg Reinke because** even assuming this letter was in "substantial

compliance" with the requirements of Government Code Sec 910, **it was not sent to an authorized recipient under Government Code Sec 915. The parties did not alter the statutory claim presentation requirement to have claims presented to the Probation Department.**

(Notice of Motion and Motion for Summary Judgment, Doc. 33, 1:25-2:5) (Emphasis added.)

In short, the County has accepted Judge Ishii's invitation and chosen to "raise the issue of Section XVIII's interpretation" at this time by this motion. Thus the issue here[2] is whether, on all the facts presented, delivery of the letter, which the Court has already determined was in substantial compliance with Government Code § 910, to Greg Reinke, County Probation Department Business Manager, was an acceptable claim presentation procedure, i.e., whether Reinke was an authorized recipient.

In connection therewith, the County submitted additional evidence in support of the following facts not considered by Judge Ishii in his ruling on County's Motion to Dismiss.

1. Plaintiff's representative designated in Section XVIII of the contact, Steve Leopold, did not know that claims against public entities in California had to be made pursuant to the Government Code.

2. No person at the County represented to Mr. Leopold that a government claim for damages [under the parties' Agreement] could be presented to Greg Reinke at the Probation Department instead of to the Clerk of the Board of Supervisors.

3. Neither of the business managers at the County's Probation Department understood Section XVIII of the [parties' Agreement] to alter the statutory claim presentation requirements.

The County notes that subdivision (a) of Government Code § 915 provides that a

---

[2] Inasmuch as the Court does find, below, that Section XVIII of the parties' Agreement authorized the claims presentation procedure used here and Defendant's motion is denied on that grounds, the remaining claims and issues raised in this motion need not and will not be addressed nor do the findings and conclusions in the ruling on Defendant's motion to dismiss need to be readdressed or disturbed.

7

claim "shall" be presented to a local public entity by "Delivering it to the clerk, secretary or auditor thereof" or "Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office."[3] GSS's claim was not delivered or mailed to any of these people or places within one year of January 28, 2010 accrual. In obvious reliance on the wording of Section XVIII of the Agreement between the parties, it was delivered to the Counties' Probation Department:

> "Any and all notices between the [County] and [GSS] provided for or permitted under this Agreement or by law shall be in writing and shall be deemed duly served when personally delivered to one of the parties, or in lieu of such personal services, when deposited in the United States Mail, postage prepaid, addressed to [the Probation Department.]"

Without disputing the facts relating to the claim presentation, the County argues that whatever else the said Section XVIII language was intended to accomplish, it was not intended, and it could not be read, to modify California's statutory claims requirements. Acknowledging that where a local government contract includes "claims procedures", those procedures "exclusively govern" claims arising out of the contract unless there is express language requiring presentation of a statutory claim, Defendant argues that Section XVIII does not expressly establish a separate claim procedure. The County also notes, in effect, that none of the parties ever specifically intended to modify the Government Code claims presentation requirements or had any understanding that they had done so. "It is not enough to argue that contractual ambiguities are resolved against the drafter, for this is a general rule that is only used " when none of the canons of construction succeed in dispelling the uncertainty" [citations omitted]. In this matter, when the Agreement is analyzed with a plain reading of its language, and with all of the undisputed evidence of the parties' conduct, there is no uncertainty. As such summary judgment should be granted." (Defendant's Points and Authorities in Support of Motion for Summary Judgment, ECF 34, 9:21-28.)

## V.  **APPLICABLE LAW**

---

[3] The County is a local public entity. Cal. Gov't Code § 900.4

### A. Summary Judgement

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court may consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010). However, in judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

### B. Government Claims Act – California Government Code § 900 et seq.

As a prerequisite for filing suit for "money or damages" against a public entity, the California Government Claim Act requires presentation of a claim to the public entity. See Cal. Gov. Code § 945.4; State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240-44 (2004). Claims relating to non-tort, non-personal injury, causes

of action must be presented no later than one year after the accrual of the cause of action. See Cal. Gov. Code § 911.2(a). "Accrual of the cause of action for purposes of the government claims statute is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants." Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (2007); K.J. v. Arcadia Unified Sch. Dist., 172 Cal.App.4th 1229, 1234 (Cal. Ct. App. 2009).

A claimant presents a claim against a "public entity" by either delivering the claim to the clerk, secretary, or auditor of the public entity, or by mailing the claim to these three individuals or to the governing body of the public entity. See Cal. Gov. Code § 915(a). The Government Claims statutes "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim." City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007); City of San Jose v Superior Court, 12 Cal.3d 447, 455 (1974). "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to a plaintiff maintaining an action against [a public entity], and thus [is] an element of the plaintiff's cause of action." Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1240. Accordingly, the failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity. City of Stockton, 42 Cal.4th at 738; Bodde, 32 Cal.4th at 1239; Sparks v. Kern County Bd. Of Supervisors, 173 Cal.App.4th 794, 800 (2009), 173 Cal.App.4th at 738.

A notice of claim to a public entity must meet Government Code § 910 requirements. See Cal. Gov. Code §§ 910, 945.4; Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004). Among other things, § 910 requires a claimant to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and to provide a "general description of the . . . injury, damage or loss incurred so far as it may be known

at the time of presentation." Cal. Gov't Code § 910;[4] Stockett, 34 Cal.4th at 445.

These statutes are not intended "to prevent surprise," rather they are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of Stockton, 42 Cal.4th at 738; City of San Jose, 12 Cal. 3d 447, 455 (1974). "When a public entity receives a document which contains the information required by § 910 and is signed by the claimant or her agent as required by § 910.2, the public entity has been presented with a 'claim' . . . ." Phillips v. Desert Hosp. Dist., 49 Cal.3d 699, 707 (1989). Because the claims statute is designed to give a public entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied." Stockett, 34 Cal.4th at 446; Connelly v. County of Fresno, 146 Cal.App.4th 29, 37-38 (2008). Where a submitted claim is deficient in some way, but the claim substantially complies with all of the statutory requirements, the doctrine of "substantial compliance" in some cases may validate the deficient claim. See Sparks, 173 Cal.App.4th at 800; Connelly, 146 Cal.App.4th at 38. If the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation, then there will be "substantial compliance" with §§ 910 and 910.2. Ardon v. City of Los Angeles, 52 Cal.4th 241, 247-48 (2011); Connelly, 146 Cal.App.4th at 38.

---

[4] Cal. Gov't Code § 910 reads: A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
(a) The name and post office address of the claimant.
(b) The post office address to which the person presenting the claim desires notices to be sent.
(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
(f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($ 10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

However, the doctrine of substantial compliance cannot cure the "total omission of an essential element from the claim, or remedy a plaintiff's failure to comply meaningfully with the statute." Sparks, 173 Cal.App.4th at 800; Connelly, 146 Cal.App.4th at 38. If a claim does not "substantially comply" with § 910 and § 910.2, but discloses the existence of a claim which, if not satisfactorily resolved, will result in a lawsuit against the entity, then the entity has 20 days to inform the claimant of the deficiencies in the presented claim, or else the entity will waive the defenses of § 910.8 to the insufficiency of the claim. See City of Stockton, 42 Cal.4th at 744-45 & n.11; Phillips, 49 Cal.3d at 707, 709; Cal. Gov. Code §§ 910.8, 911.

     A submitted "claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done." Stockett, 34 Cal.4th at 446. If a plaintiff "relies on more than one theory of recovery against the [public entity], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005); see Stockett, 34 Cal.4th at 447; Nelson v. State of California, 139 Cal.App.3d 72, 79 (1982). "[A] complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." Stockett, 34 Cal.4th at 447. However, as the California Supreme court has recently explained: The claim, however, need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts." Only where there has been a "complete shift of allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim" have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts

have generally found the claim fairly reflects the facts pled in the complaint. Id.; see also Dixon, 127 Cal.App.4th at 40; White v. Superior Court, 225 Cal.App.3d 1505, 1510-11 (1990).

## VI. ANALYSIS

### A. Substantial Compliance with Government Code § 910

There is no dispute as to the content of GSS's counsel's January 24, 2011, certified mail letter to the County Probation Department advising that his firm, the Vaughn Legal Group, had been retained by GSS to enforce GSS's rights with respect to the Agreement. The Letter points out that a final invoice had been sent and County Probation had refused to pay it. Counsel argues that the County had not been dealing in good faith and remained in breach. The Letter describes the history of the parties' communications regarding the dispute, GSS's reductions in the invoice amount, and the final invoice. It argues that the County is acting in bad faith by trying to add new obligations to the Agreement. It concludes that GSS "hereby demands payment in the amount of $243,991.05 . . . within ten (10) days from receipt of this letter. If such payment is not made, GSS has authorized this office to exercise and [sic] all of its legal rights against the [County]." The Letter was signed by GSS's attorney Barack Vaughn, and was sent on letterhead from the Vaughn Legal Group.

As noted, although the contents of the Letter do not strictly comply with § 910, the District Court, in ruling on Defendant's motion to dismiss, found it to be in substantial compliance. Defendant does not contest that finding; it stands. Despite the technical non-compliance with § 910, the failure to give GSS's address, as well as the identification of a specific claim amount over $10,000, the letter substantially complied with § 910. See Ardon, 52 Cal.4th at 247-48; Connelly, 146 Cal.App.4th at 38. Even if the letter was not meant to be an attempt to file a claim, the subjective intent of GSS would not deprive it of that status. See Gay- Straight Alliance, 262 F.Supp.2d at 1108. Whether a document constitutes a "claim" is determined by the information contained

therein, and "it is not essential that it be given with the intention of complying with the claims statute." Id. at 1109; Wheeler v. County of San Bernardino, 76 Cal.App.3d 841, 847 (1978); Myers v. County of Orange, 6 Cal.App.3d 626, 637 (1970); see also Phillips, 49 Cal.3d at 707, 709-10; Alliance, 64 Cal.App.4th at 650. When a public entity receives a document which contains the information required by § 910 and is signed by the claimant or her agent as required by § 910.2, the public entity has been presented with a 'claim' . . . ." Phillips, 49 Cal.3d at 707.

### B.   Claim Presentation Per Government Code § 930.2

As noted, the issue before the Court here is raised by the County's argument that the January 24 2011 letter fails as a claim because it was not sent to a person authorized by § 915 to receive notice of government claims. The County is correct in noting that the letter was not presented to the County's clerk, secretary, or auditor as required by § 915. However, as noted, Section XVIII of the Agreement between the parties, entitled "Notification", reads in pertinent part:

> The persons and their addresses having authority to give and receive notices under this Agreement include the following:
>
> County:   Fresno County Probation Department
>           1100 Van Ness Ave. . . . .Fresno, CA.
>           . . . .
>
> Any and all notices between the County and [GSS] provided for or permitted under this Agreement or by law shall be in writing and shall be deemed duly served when personally delivered to one of the parties, or in lieu of such personal services, when deposited in the United States Mail, postage prepaid, addressed to such party.

As noted in the ruling on County's Motion to Dismiss: The County argues that Section XVIII "merely references 'notices under this Agreement.'" Its first paragraph does in fact refer to persons having authority to give and receive notices "under this Agreement." However, its second paragraph refers to "notices provided . . . under this Agreement *or by law*." By including the phrase "or by law," Section XVIII extends to notices beyond those that are provided for, or required by, the Agreement itself. A claim or notice of claim to a government entity required by Government Code § 915 and

14

§ 945.4 is a notice provided "by law".

Further, the Government Code provides that "[t]he governing body of a local public entity may include in any written agreement to which the entity . . . is a party, provisions governing the presentation, by or on behalf of any party thereto, of any or all claims arising out of or related to the agreement . . . . " Government Code § 930.2 This section "permits the parties to an agreement to alter the claims presentation requirements otherwise imposed by the act." Alliance, 64 Cal.App.4th at 644.

Such an alteration occurred in this case. The Agreement was between the County (not its Probation Department) and GSS. The County's Board of Supervisors appears competent to, and did, designate the Probation Department to receive notices required by law. Nothing suggests the County Board of Supervisors, in approving the Agreement, intended to exclude from Section XVIII government claims under § 910 et seq. provided for under law. Section XVIII is clear on its face based on the usual and ordinary meaning of the language therein. See Arntz Builders v. City of Berkeley, 166 Cal.App.4th 276, 286 (Cal. Ct. App. 2008). Furthermore, the parties' course of conduct is not inconsistent with a Section XVIII claim presentation designation in the Probation Department. Claims investigation, negotiation, and even rejection of GSS's various offers was handled by the Probation Department, prior to the Board's returning the February 16, 2011 claim as untimely.

Defendant has provided no authority suggesting § 930.2 requires any particular form or content, or that a contractual claim provision can not be applied to a statutory claim provisions, or that § 930.2 requires a contractual claim procedure or process not present here. See Arntz Builders, 166 Cal.App.4th at 291 (a local public entity may include as part of its contractual claim procedures a requirement that the claimant present a statutory claim). Government Code § 930.2 does not appear to preclude a designation of the Probation Department to receive governmental claims per Section XVIII. Here the parties by agreement modified § 915 to allow claim presentation

1   pursuant to Section XVIII. The Agreement does not otherwise modify the applicable
2   statutory claim requirements, and Plaintiff substantially complied therewith.
3       That Defendant's Probation Department business managers may not have
4   understood the Agreement to alter the statutory claim process does not demonstrate
5   the intent of the County's Board in entering the Agreement. The Agreement was
6   approved by the Board of Supervisors for the County and Section XVIII as a whole may
7   be read as permitting a Government Claims Act notice to be sent to the Probation
8   Department.
9       Similarly, a lack of awareness of California governmental claims law on the part
10  of GSS's representative, Steve Leopold, alone does not reflect the intent of GSS Vice
11  President Jackson Hall, the GSS signatory to the Agreement, to exclude governmental
12  claims from the reach of Section XVIII.
13      The County finds it significant that Section XVIII does not expressly alter any
14  requirement of the Government Claims Act and notes further that Section XXIII of the
15  Agreement reads: "The rights and obligations of the parties and all interpretation and
16  performance of this Agreement shall be governed in all respects by the laws of the
17  State of California."
18      However, the California law authorizes and enforces parties' agreements, even
19  those with provisions therein for service of notices, and, despite being challenged to do
20  so in the order on motion to dismiss, the County has provided no authority to suggest
21  that an agreement must expressly state that it is changing requirements of the
22  Government Claims Act in order to accomplish such a change. Cf. Cal. Gov't Code §
23  930.2. California law allows a public entity to alter the requirements of the Government
24  Claims Act. See Id.; Alliance, 64 Cal.App.4th at 644.
25      This Court in ruling on County's motion to dismiss acknowledged that its
26  interpretation of the effect of Section XVIII was based solely upon what was presented
27  in the pleadings and effectively acknowledged that other evidence might bear on the
28

1 interpretation and alter the outcome. Defendant was given the opportunity to raise the
2 issue again and submit additional facts and evidence in support of its position. It has
3 availed itself of that opportunity. However, the Court finds that the evidence submitted
4 does not change the outcome. The new evidence does not suggest the County and
5 GSS intended to rule out the effect of wording which reflects in very plain English the
6 parties mutual understanding and agreement that **all notices of any kind required by**
7 **the Agreement or by law** generally were to be given as provided in Section XVIII.

8       The counties' argument that the plain meaning of the Agreement, construed in
9 keeping with the parities' intentions, means "all notices required by law or Agreement . . .
10 . except those sent in connection with the filing of a Government Claim" not only defies
11 logic, but also create that "trap for the unwary" that was clearly not what government
12 claims procedures were intended to be. In this case, information sufficient to enable the
13 County to investigate and react to the GSS claim and determine whether to resolve it or
14 allow litigation to proceed was provided by GSS as directed by the County in Section
15 XVIII within the time allowed by law. The County had all the information it needed and
16 all that was required under the law.

17 **VII.**     **CONCLUSION AND ORDER**

18       It is undisputed the parties approved the Agreement to include Section XVIII,
19 which allows GSS governmental claim to be presented to the County's Probation
20 Department, that the claim presented by GSS on January 24, 2011 substantially
21 complied with the statutory requirements of Government Code § 910, and that the claim
22 presented by GSS on January 24, 2011 complied with the contractual requirements of
23 Section XVIII.

24 ////////
25 ////////
26 ////////

Accordingly, it is hereby ordered that Defendant's Motion for Summary Judgment (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated: April 18, 2013            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE