UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL SECURITY SERVICES CORPORATION, A Minnesota Corporation, | CASE No. 1:11-cv-00724-MJS |
| Plaintiff, | STATEMENT OF DECISION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | (ECF No. 33) |
| COUNTY OF FRESNO, | |
| Defendant. | |

## I.   INTRODUCTION

This case arises out of a contractual dispute between Plaintiff, General Security Services Corp. ("GSS"), and Defendant, the County of Fresno ("the County"). GSS seeks to recover sums allegedly due it pursuant to an agreement ("Agreement") under which GSS rented electronic monitoring devices to the County for use in tracking parolees and probationers.

The case proceeds on GSS's Complaint for state law breach of contract and breach of the covenant of good faith and fair dealing.

GSS is a citizen of Minnesota. The County is a California public entity situated in this district. The amount in controversy exceeds $75,000. This Court has diversity

1

1  jurisdiction.

2       The County brought this motion for summary judgment alleging that GSS failed

3  to comply with California Government Claims Act prerequisites to bringing suit. After

4  considering the briefs and argument of counsel and applicable law, the Court denied

5  the County's motion for summary judgment at a hearing held January 25, 2013. (ECF

6  No. 47.) Following is the Court's statement of decision on the matter.[1]

7  **II.    <u>FACTS</u>**

8       The Court finds that there is no real dispute as to any material fact in Plaintiff's

9  four Undisputed Material Facts ("PUMF") or Defendant's twenty-five Undisputed

10 Material Facts ("DUMF"). That which is proffered as reflecting dispute does nothing

11 more than supplement, argue the effect of, or offer a different interpretation of a fact

12 which is itself not disputed. The undisputed facts are summarized as follows:

13      In June 2004, the County and GSS entered into the Agreement under which

14 GSS was to rent electronic monitoring devices and provide monitoring services to the

15 County for use by its Probation Department in tracking parolees and probationers.

16      The Agreement stated that notices provided for or permitted thereunder or by law

17 could be given to the County's Probation Department.

18      On October 31, 2009, the County terminated the Agreement. GSS then

19 undertook to collect and inventory the equipment it had rented to the County under the

20 Agreement. In doing so, it determined that the County owed GSS $245,610.95 for

21 cleaning, cataloguing, and shipping the equipment, and, on December 10, 2009, billed

22 the County Probation Department accordingly. On January 29, 2010, GSS advised the

23 County Probation Department that its 45 day window for payment of the invoice had

24 closed on January 27, 2010. The County Probation Department acknowledged receipt

25 of the December 2009 invoice.

26      On March 26, 2010, the County Probation Department advised GSS of several

27

28       [1] The parties consented to Magistrate Judge jurisdiction for all purposes in this case.

1   grounds on which it disputed liability for the billed amount. On April 28, 2010, GSS

2   responded by adjusting the balance down to $221,810.05.

3          On May 11, 2010, GSS informed the County Probation Department that its

4   failure to pay was causing GSS consequential damages. On May 21, 2010, the County

5   Probation Department again denied liability and set forth new grounds for doing so. In

6   response, GSS reiterated that the County's failure to pay was causing consequential

7   harm to GSS.

8          On June 7, 2010, following a GSS and County Probation telephone conference,

9   the County Probation Department raised additional grounds for refusing payment. On

10  July 15, 2010, GSS responded by adjusting the balance down to $156,217.50. On July

11  30, 2010, the County advised of its unwillingness to pay the adjusted amount. GSS

12  made a further demand for payment of the $156, 217.50 amount on August 5, 2010.

13  The County Probation Department responded September 16, 2010, by claiming that its

14  maximum liability under the Agreement was $3,007.50.

15         On January 24, 2011, GSS's counsel sent a demand letter to the County

16  Probation Department. Greg Reinke of that department replied on February 1, 2011,

17  and advised GSS that before instituting a lawsuit against the County, GSS had to file a

18  claim with the County's governing board.

19         On February 14, 2011, GSS presented to the County Board of Supervisors a

20  Government Claim Act claim. On March 22, 2011, the County denied the claim on the

21  grounds that it was untimely.

22  **III.    RELEVANT PROCEDURAL BACKGROUND**

23         On May 3, 2011 GSS commenced this action against the County of Fresno for

24  breach of contract, breach of the implied covenant of good faith and fair dealing, and

25  conversion. On June 23, 2011, the County filed a motion to dismiss GSS's Complaint

26  under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be

27  granted. The County argued, as pertinent here, that the pleadings showed that GSS

28

1  had failed to comply with the presentation requirements of the California Government

2  Claims Act. Specifically, according to the County and the Complaint on file, the breach

3  of contract claim accrued on January 28, 2010, when the County failed to pay GSS's

4  invoice. The County argued further that GSS's January 29, 2010, letter to the County

5  acknowledged that the parties' Agreement obligated the County to pay the invoice by

6  January 27, 2010 and thus that, under the Government Claim Act, GSS had one year

7  thereafter, i.e., from that date of accrual, to present its breach of contract claim to the

8  County. However, GSS did not file a government claim with the County Board of

9  Supervisors as directed by the County Probation Department until February 14, 2011.

10 Accordingly, GSS's claim was untimely under the one year limitations period of

11 California Government Code § 911.2.

12      In response to the motion to dismiss, GSS raised three grounds for contending

13 its breach of contract suit was timely. Two of those (i.e., that the claim did not accrue on

14 this continuing obligation until GSS elected to treat the breach as terminating the

15 Agreement and that the statutory period was equitably tolled) were rejected by the

16 District Court and are not at issue here.

17      GSS also argued that its attorney's January 24, 2011, letter to the County

18 Probation Department substantially complied with the content requirements of the

19 Government Code and was sent to an employee of the Probation Department whose

20 functions included management or defense of claims against the County. GSS also

21 noted that Section XVIII of the parties' Agreement provided for the County to receive

22 notices required (by contract or law) through the Probation Department.

23      On September 2, 2011, the Honorable Anthony Ishii, U.S. District Court Judge

24 for the Eastern District of California entered his Order granting in part and denying in

25 part the County's motion to dismiss. (ECF No. 12.) As pertinent here, he found that:

26 GSS's breach of contract cause of action accrued on January 28, 2010; GSS's January

27 24, 2011, letter was submitted prior to the running of the one year limitations period of

28

4

1   Gov. Code § 911.2; the letter constituted a claim and substantially complied with the

2   requirements of Government Code § 910 and § 910.2; sending that letter to the

3   Probation Department was permissible under Section XVIII of the parties' Agreement

4   and Government Code § 930.2; and, thus, the claim had been timely presented. Judge

5   Ishii also found that the breach of the implied covenant of good faith and fair dealing

6   claim accrued at the same time as the breach of contract cause of action and enabled

7   GSS to seek contract (but not tort) remedies under that cause of action. GSS's tort

8   claims were dismissed.

9       Because of its significance to the issue before the Court on this motion for

10  summary judgment, Judge Ishii's analysis pertinent to these findings is reprinted in full:

11          The County also points out that the January 24 letter was not sent
         to a person authorized by § 915 to receive notice of government claims.
         The County is correct. However, the Agreement included Section XVIII,
12       which is entitled "Notification." That Section reads in pertinent part:

13
            The persons and their addresses having authority to give and
14          receive notices under this Agreement include the following:

15              County:     Fresno County Probation Department
                            1100 Van Ness Ave.
16                          . . . .
                            Fresno, CA
17
            . . . .
18
            Any and all notices between the County and [GSS] provided for or
19          permitted under this Agreement or by law shall be in writing and
            shall be deemed duly served when personally delivered to one of
20          the parties, or in lieu of such personal services, when deposited in
            the United States Mail, postage prepaid, addressed to such party.
21
         Complaint Ex. A at Section 18. The County argues Section XVIII "merely
22       references 'notices under this Agreement.'" The County appears to focus
         on the first paragraph, which indeed refers to persons having authority to
23       give and receive notices "under this Agreement." However, as quoted
    above, the second paragraph of Section XVIII references "notices provided . . . under
24  this Agreement *or by law*." By including the phrase "or by law," Section XVIII extends to
    notices beyond those that are provided for, or required by, the Agreement itself.
25  Sending a claim or notice of a claim to a government entity would seem to be a notice
    provided "by law," specifically Government Code § 915 and § 945.4. Further, the
26  Government Code "permits the parties to an agreement to alter the claims presentation
    requirements otherwise imposed by the act." [Alliance Fin., v. City and County of San
27  Francisco, 64 Cal.App.4th 635, 644 (Cal. Ct. App. 1998)]; see Cal. Gov. Code § 930.2.
    One reading of Section XVIII suggests that such an alteration occurred in this case.
28

Section XVIII as a whole may be read as permitting a notice of claim required by the Government Claims Act to be sent to the Probation Department, since such a notice is a notice provided "by law" and it appears that the Probation Department may give and receive notices. Under this reading, sending the Letter to the Probation Department would not have complied with § 915, but would have complied with § 930.2 and Section XVIII. That is, sending the Letter to the Probation Department was appropriate.

> The County contends that Section XVIII does not expressly state that it alters any requirement of the Government Claims Act. The County also relies on Section XXIII of the Agreement, which reads: "The rights and obligations of the parties and all interpretation and performance of this Agreement shall be governed in all respects by the laws of the State of California." However, the Court is unaware of any requirement that a contract must use particular language or expressly state that it changes specific requirements of the Government Claims Act. Cf. Cal. Gov. Code § 930.2. Further, Section XXIII appears to be nothing more than a choice of law provision that designates California law as controlling. As already cited, California law allows a public entity to alter the requirements of the Government Claims Act. See id.; Alliance, 64 Cal.App.4th at 644.

> In sum, the Letter addresses all of the required contents of § 910, but does have technical deficiencies. However, those deficiencies are not material and the letter is in substantial compliance with § 910. Further, although the letter was sent to the Probation Department, one reading of Section XVIII is that the Agreement permits notices that are provided "by law" to be sent to the Probation Department. At this point, the Complaint (including the attached exhibits and the Letter which is incorporated by reference) adequately indicates compliance with the Government Code's claim presentation requirements. Dismissal of the breach of contract claim is not appropriate at this time. See Gay-Straight Alliance v. Visalia Unified Sch. Dist., 262 F.Supp.2d 1088, 1107-10 (E.D. Cal. 2001).

However, and of course of major significance here, Judge Ishii added, at footnote 9, the following:

> Other interpretations of Section XVIII are possible. However, under the Rule 12(b)(6) framework, allegations are taken as true and construed in the light most favorable to the non-moving party. [Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008).] At this stage, the Court need not definitively interpret Section XVIII. For purposes of this motion, it is enough that the Letter and Section XVIII appear to satisfy the Government Claims Act. If it so chooses, the County may raise the issue of Section XVIII's interpretation at a later time.

## IV.   Defendant's Motion for Summary Judgment

The County's motion for summary judgement states its grounds as follows:

> Defendant moves for summary judgment on the basis that Plaintiff failed to comply with the mandatory claim presentation requirements of the Government Code. A government claim for breach of contract is required to be presented no later than one year after date of the accrual, and Plaintiff presented its claim to the Board more than one year after this date. **Plaintiff cannot rely on the letter sent by its counsel to Greg Reinke because** even assuming this letter was in "substantial

compliance" with the requirements of Government Code Sec 910, **it was not sent to an authorized recipient under Government Code Sec 915. The parties did not alter the statutory claim presentation requirement to have claims presented to the Probation Department.**

(Notice of Motion and Motion for Summary Judgment, Doc. 33, 1:25-2:5) (Emphasis added.)

In short, the County has accepted Judge Ishii's invitation and chosen to "raise the issue of Section XVIII's interpretation" at this time by this motion. Thus the issue here[2] is whether, on all the facts presented, delivery of the letter, which the Court has already determined was in substantial compliance with Government Code § 910, to Greg Reinke, County Probation Department Business Manager, was an acceptable claim presentation procedure, i.e., whether Reinke was an authorized recipient.

In connection therewith, the County submitted additional evidence in support of the following facts not considered by Judge Ishii in his ruling on County's Motion to Dismiss.

1.    Plaintiff's representative designated in Section XVIII of the contact, Steve Leopold, did not know that claims against public entities in California had to be made pursuant to the Government Code.

2.    No person at the County represented to Mr. Leopold that a government claim for damages [under the parties' Agreement] could be presented to Greg Reinke at the Probation Department instead of to the Clerk of the Board of Supervisors.

3.    Neither of the business managers at the County's Probation Department understood Section XVIII of the [parties' Agreement] to alter the statutory claim presentation requirements.

The County notes that subdivision (a) of Government Code § 915 provides that a

---

[2] Inasmuch as the Court does find, below, that Section XVIII of the parties' Agreement authorized the claims presentation procedure used here and Defendant's motion is denied on that grounds, the remaining claims and issues raised in this motion need not and will not be addressed nor do the findings and conclusions in the ruling on Defendant's motion to dismiss need to be readdressed or disturbed.

1  claim "shall" be presented to a local public entity by "Delivering it to the clerk, secretary

2  or auditor thereof" or "Mailing it to the clerk, secretary, auditor, or to the governing body

3  at its principal office."[3] GSS's claim was not delivered or mailed to any of these people

4  or places within one year of January 28, 2010 accrual. In obvious reliance on the

5  wording of Section XVIII of the Agreement between the parties, it was delivered to the

6  Counties' Probation Department:

> "Any and all notices between the [County] and [GSS] provided for or
> permitted under this Agreement or by law shall be in writing and shall be
> deemed duly served when personally delivered to one of the parties, or in
> lieu of such personal services, when deposited in the United States Mail,
> postage prepaid, addressed to [the Probation Department.]"

10  Without disputing the facts relating to the claim presentation, the County argues

11  that whatever else the said Section XVIII language was intended to accomplish, it was

12  not intended, and it could not be read, to modify California's statutory claims

13  requirements. Acknowledging that where a local government contract includes "claims

14  procedures", those procedures "exclusively govern" claims arising out of the contract

15  unless there is express language requiring presentation of a statutory claim, Defendant

16  argues that Section XVIII does not expressly establish a separate claim procedure. The

17  County also notes, in effect, that none of the parties ever specifically intended to modify

18  the Government Code claims presentation requirements or had any understanding that

19  they had done so. "It is not enough to argue that contractual ambiguities are resolved

20  against the drafter, for this is a general rule that is only used " when none of the canons

21  of construction succeed in dispelling the uncertainty" [citations omitted]. In this matter,

22  when the Agreement is analyzed with a plain reading of its language, and with all of the

23  undisputed evidence of the parties' conduct, there is no uncertainty. As such summary

24  judgment should be granted." (Defendant's Points and Authorities in Support of Motion

25  for Summary Judgment, ECF 34, 9:21-28.)

26  **V.      APPLICABLE LAW**

27  _____

28  [3] The County is a local public entity. Cal. Gov't Code § 900.4

1    **A.    Summary Judgement**

2    Any party may move for summary judgment, and the Court shall grant summary

3    judgment if the movant shows that there is no genuine dispute as to any material fact

4    and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

5    Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's

6    position, whether it be that a fact is disputed or undisputed, must be supported by (1)

7    citing to particular parts of materials in the record, including but not limited to

8    depositions, documents, declarations, or discovery; or (2) showing that the materials

9    cited do not establish the presence or absence of a genuine dispute or that the

10    opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

11    56(c)(1). While the Court may consider other materials in the record not cited to by the

12    parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco

13    Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

14    Defendants do not bear the burden of proof at trial and in moving for summary

15    judgment, they need only prove an absence of evidence to support Plaintiff's case. In re

16    Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010). However, in

17    judging the evidence at the summary judgment stage, the Court does not make

18    credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless,

19    Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most

20    favorable to the nonmoving party and determine whether a genuine issue of material

21    fact precludes entry of judgment. Comite de Jornaleros de Redondo Beach v. City of

22    Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

23    **B.    Government Claims Act –  California Government Code § 900 et seq.**

24    As a prerequisite for filing suit for "money or damages" against a public entity,

25    the California Government Claim Act requires presentation of a claim to the public

26    entity. See Cal. Gov. Code § 945.4; State of California v. Superior Court (Bodde), 32

27    Cal.4th 1234, 1240-44 (2004). Claims relating to non-tort, non-personal injury, causes

28

9

1    of action must be presented no later than one year after the accrual of the cause of

2    action. See Cal. Gov. Code § 911.2(a). "Accrual of the cause of action for purposes of

3    the government claims statute is the date of accrual that would pertain under the statute

4    of limitations applicable to a dispute between private litigants." Shirk v. Vista Unified

5    Sch. Dist., 42 Cal.4th 201, 208-09 (2007); K.J. v. Arcadia Unified Sch. Dist., 172

6    Cal.App.4th 1229, 1234 (Cal. Ct. App. 2009).

7          A claimant presents a claim against a "public entity" by either delivering the claim

8    to the clerk, secretary, or auditor of the public entity, or by mailing the claim to these

9    three individuals or to the governing body of the public entity. See Cal. Gov. Code §

10   915(a). The Government Claims statutes "must be satisfied even in the face of the

11   public entity's actual knowledge of the circumstances surrounding the claim." City of

12   Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007); City of San Jose v Superior

13   Court,  12 Cal.3d 447, 455 (1974). "Timely claim presentation is not merely a

14   procedural requirement, but is . . . a condition precedent to a plaintiff maintaining an

15   action against [a public entity], and thus [is] an element of the plaintiff's cause of

16   action." Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1240. Accordingly, the failure to

17   timely present a claim for money or damages to a public entity bars the plaintiff from

18   bringing suit against that entity. City of Stockton, 42 Cal.4th at 738; Bodde, 32 Cal.4th

19   at 1239; Sparks v. Kern County Bd. Of Supervisors, 173 Cal.App.4th 794, 800 (2009),

20   173 Cal.App.4th at 738.

21         A notice of claim to a public entity must meet Government Code § 910

22   requirements. See Cal. Gov. Code §§ 910, 945.4; Stockett v. Association of Cal. Water

23   Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004). Among other things,

24   § 910 requires a claimant to state the "date, place, and other circumstances of the

25   occurrence or transaction which gave rise to the claim asserted" and to provide a

26   "general description of the . . . injury, damage or loss incurred so far as it may be known

27

28

1    at the time of presentation." Cal. Gov't Code § 910;[4] Stockett, 34 Cal.4th at 445.

2         These statutes are not intended "to prevent surprise," rather they are intended to

3    "provide the public entity sufficient information to enable it to adequately investigate

4    claims and to settle them, if appropriate, without the expense of litigation." City of

5    Stockton, 42 Cal.4th at 738; City of San Jose, 12 Cal. 3d 447, 455 (1974). "When a

6    public entity receives a document which contains the information required by § 910 and

7    is signed by the claimant or her agent as required by § 910.2, the public entity has been

8    presented with a 'claim' . . . ." Phillips v. Desert Hosp. Dist., 49 Cal.3d 699, 707 (1989).

9    Because the claims statute is designed to give a public entity "notice sufficient for it to

10   investigate and evaluate the claim . . . the statute should not be applied to snare the

11   unwary where its purpose is satisfied." Stockett, 34 Cal.4th at 446; Connelly v. County

12   of Fresno, 146 Cal.App.4th 29, 37-38 (2008). Where a submitted claim is deficient in

13   some way, but the claim substantially complies with all of the statutory requirements,

14   the doctrine of "substantial compliance" in some cases may validate the deficient claim.

15   See Sparks, 173 Cal.App.4th at 800; Connelly, 146 Cal.App.4th at 38. If the face of the

16   filed claim discloses sufficient information to enable the public entity to make an

17   adequate investigation of the claim's merits and settle it without the expense of

18   litigation, then there will be "substantial compliance" with §§ 910 and 910.2. Ardon v.

19   City of Los Angeles, 52 Cal.4th 241, 247-48 (2011); Connelly, 146 Cal.App.4th at 38.

20

21       [4] Cal. Gov't Code § 910 reads: A claim shall be presented by the claimant or by a person acting
     on his or her behalf and shall show all of the following:
         (a) The name and post office address of the claimant.

22       (b) The post office address to which the person presenting the claim desires notices to be sent.
         (c) The date, place and other circumstances of the occurrence or transaction which gave rise to

23   the claim asserted.
         (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as

24   it may be known at the time of presentation of the claim.
         (e) The name or names of the public employee or employees causing the injury, damage, or loss,

25   if known.
         (f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of

26   presentation of the claim, including the estimated amount of any prospective injury, damage, or
     loss, insofar as it may be known at the time of the presentation of the claim, together with the

27   basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars
     ($ 10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the

28   claim would be a limited civil case.

1   However, the doctrine of substantial compliance cannot cure the "total omission of an

2   essential element from the claim, or remedy a plaintiff's failure to comply meaningfully

3   with the statute." Sparks, 173 Cal.App.4th at 800; Connelly, 146 Cal.App.4th at 38. If a

4   claim does not "substantially comply" with § 910 and § 910.2, but discloses the

5   existence of a claim which, if not satisfactorily resolved, will result in a lawsuit against

6   the entity, then the entity has 20 days to inform the claimant of the deficiencies in the

7   presented claim, or else the entity will waive the defenses of § 910.8 to the insufficiency

8   of the claim. See City of Stockton, 42 Cal.4th at 744-45 & n.11; Phillips, 49 Cal.3d at

9   707, 709; Cal. Gov. Code §§ 910.8, 911.

10          A submitted "claim need not contain the detail and specificity required of a

11   pleading, but need only fairly describe what the entity is alleged to have done." Stockett,

12   34 Cal.4th at 446. If a plaintiff "relies on more than one theory of recovery against the

13   [public entity], each cause of action must have been reflected in a timely claim. In

14   addition, the factual circumstances set forth in the written claim must correspond with

15   the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40

16   (2005); see Stockett, 34 Cal.4th at 447; Nelson v. State of  California, 139 Cal.App.3d

17   72, 79 (1982). "[A] complaint is vulnerable to a demurrer if it alleges a factual basis for

18   recovery which is not fairly reflected in the written claim." Stockett, 34 Cal.4th at 447.

19   However, as the California Supreme court has recently explained: The claim, however,

20   need not specify each particular act or omission later proven to have caused the injury.

21   A complaint's fuller exposition of the factual basis beyond that given in the claim is not

22   fatal, so long as the complaint is not based on an "entirely different set of facts." Only

23   where there has been a "complete shift of allegations, usually involving an effort to

24   premise civil liability on acts or omissions committed at different times or by different

25   persons than those described in the claim" have courts generally found the complaint

26   barred. Where the complaint merely elaborates or adds further detail to a claim, but is

27   predicated on the same fundamental actions or failures to act by the defendants, courts

28

1   have generally found the claim fairly reflects the facts pled in the complaint. Id.; see

2   also Dixon, 127 Cal.App.4th at 40; White v. Superior Court, 225 Cal.App.3d 1505,

3   1510-11 (1990).

4   **VI.     ANALYSIS**

5           **A.     Substantial Compliance with Government Code § 910**

6           There is no dispute as to the content of GSS's counsel's January 24, 2011,

7   certified mail letter to the County Probation Department advising that his firm, the

8   Vaughn Legal Group, had been retained by GSS to enforce GSS's rights with respect to

9   the Agreement. The Letter points out that a final invoice had been sent and County

10  Probation had refused to pay it. Counsel argues that the County had not been dealing

11  in good faith and remained in breach. The Letter describes the history of the parties'

12  communications regarding the dispute, GSS's reductions in the invoice amount, and the

13  final invoice. It argues that the County is acting in bad faith by trying to add new

14  obligations to the Agreement. It concludes that GSS "hereby demands payment in the

15  amount of $243,991.05 . . . within ten (10) days from receipt of this letter. If such

16  payment is not made, GSS has authorized this office to exercise and [sic] all of its legal

17  rights against the [County]." The Letter was signed by GSS's attorney Barack Vaughn,

18  and was sent on letterhead from the Vaughn Legal Group.

19          As noted, although the contents of the Letter do not strictly comply with § 910,

20  the District Court, in ruling on Defendant's motion to dismiss, found it to be in

21  substantial compliance. Defendant does not contest that finding; it stands. Despite the

22  technical non-compliance with § 910, the failure to give GSS's address, as well as the

23  identification of a specific claim amount over $10,000, the letter substantially complied

24  with § 910. See Ardon, 52 Cal.4th at 247-48; Connelly, 146 Cal.App.4th at 38. Even if

25  the letter was not meant to be an attempt to file a claim, the subjective intent of GSS

26  would not deprive it of that status. See Gay- Straight Alliance, 262 F.Supp.2d at 1108.

27  Whether a document constitutes a "claim" is determined by the information contained

28

1    therein, and "it is not essential that it be given with the intention of complying with the

2    claims statute." Id. at 1109; Wheeler v. County of San Bernardino, 76 Cal.App.3d 841,

3    847 (1978); Myers v. County of Orange, 6 Cal.App.3d 626, 637 (1970); see also

4    Phillips, 49 Cal.3d at 707, 709-10; Alliance, 64 Cal.App.4th at 650. When a public entity

5    receives a document which contains the information required by § 910 and is signed by

6    the claimant or her agent as required by § 910.2, the public entity has been presented

7    with a 'claim' . . . ." Phillips, 49 Cal.3d at 707.

8              **B.      Claim Presentation Per Government Code § 930.2**

9          As noted, the issue before the Court here is raised by the County's argument

10   that the January 24 2011 letter fails as a claim because it was not sent to a person

11   authorized by § 915 to receive notice of government claims. The County is correct in

12   noting that the letter was not presented to the County's clerk, secretary, or auditor as

13   required by § 915. However, as noted, Section XVIII of the Agreement between the

14   parties, entitled "Notification", reads in pertinent part:

15              The persons and their addresses having authority to give and
       receive notices under this Agreement include the following:

16
                    County:      Fresno County Probation Department
17                                1100 Van Ness Ave. . . . .Fresno, CA.
                                  . . . .
18
              Any and all notices between the County and [GSS] provided for or
19     permitted under this Agreement or by law shall be in writing and shall be
       deemed duly served when personally delivered to one of the parties, or in
20     lieu of such personal services, when deposited in the United States Mail,
       postage prepaid, addressed to such party.
21
              As noted in the ruling on County's Motion to Dismiss: The County argues that
22
       Section XVIII "merely references 'notices under this Agreement.'" Its first paragraph
23
       does in fact refer to persons having authority to give and receive notices "under this
24
       Agreement." However, its second paragraph refers to "notices provided . . . under this
25
       Agreement *or by law*." By including the phrase "or by law," Section XVIII extends to
26
       notices beyond those that are provided for, or required by, the Agreement itself. A
27
       claim or notice of claim to a government entity required by Government Code § 915 and
28

                                              14

1    § 945.4 is a notice provided "by law".

2         Further, the Government Code provides that "[t]he governing body of a local

3    public entity may include in any written agreement to which the entity . . . is a party,

4    provisions governing the presentation, by or on behalf of any party thereto, of any or all

5    claims arising out of or related to the agreement . . . . " Government Code § 930.2 This

6    section "permits the parties to an agreement to alter the claims presentation

7    requirements otherwise imposed by the act." Alliance, 64 Cal.App.4th at 644.

8         Such an alteration occurred in this case. The Agreement was between the

9    County (not its Probation Department) and GSS. The County's Board of Supervisors

10   appears competent to, and did, designate the Probation Department to receive notices

11   required by law. Nothing suggests the County Board of Supervisors, in approving the

12   Agreement, intended to exclude from Section XVIII government claims under § 910 et

13   seq. provided for under law. Section XVIII is clear on its face based on the usual and

14   ordinary meaning of the language therein. See Arntz Builders v. City of Berkeley, 166

15   Cal.App.4th 276, 286 (Cal. Ct. App. 2008). Furthermore, the parties' course of conduct

16   is not inconsistent with a Section XVIII claim presentation designation in the Probation

17   Department. Claims investigation, negotiation, and even rejection of GSS's various

18   offers was handled by the Probation Department, prior to the Board's returning the

19   February 16, 2011 claim as untimely.

20        Defendant has provided no authority suggesting § 930.2 requires any particular

21   form or content, or that a contractual claim provision can not be applied to a statutory

22   claim provisions, or that § 930.2 requires a contractual claim procedure or process not

23   present here. See Arntz Builders, 166 Cal.App.4th at 291 (a local public entity may

24   include as part of its contractual claim procedures a requirement that the claimant

25   present a statutory claim). Government Code § 930.2 does not appear to preclude a

26   designation of the Probation Department to receive governmental claims per Section

27   XVIII. Here the parties by agreement modified § 915 to allow claim presentation

28

1   pursuant to Section XVIII. The Agreement does not otherwise modify the applicable

2   statutory claim requirements, and Plaintiff substantially complied therewith.

3          That Defendant's Probation Department business managers may not have

4   understood the Agreement to alter the statutory claim process does not demonstrate

5   the intent of the County's Board in entering the Agreement. The Agreement was

6   approved by the Board of Supervisors for the County and Section XVIII as a whole may

7   be read as permitting a Government Claims Act notice to be sent to the Probation

8   Department.

9          Similarly, a lack of awareness of California governmental claims law on the part

10  of GSS's representative, Steve Leopold, alone does not reflect the intent of GSS Vice

11  President Jackson Hall, the GSS signatory to the Agreement, to exclude governmental

12  claims from the reach of Section XVIII.

13         The County finds it significant that Section XVIII does not expressly alter any

14  requirement of the Government Claims Act and notes further that Section XXIII of the

15  Agreement reads: "The rights and obligations of the parties and all interpretation and

16  performance of this Agreement shall be governed in all respects by the laws of the

17  State of California."

18         However, the California law authorizes and enforces parties' agreements, even

19  those with provisions therein for service of notices, and, despite being challenged to do

20  so in the order on motion to dismiss, the County has provided no authority to suggest

21  that an agreement must expressly state that it is changing requirements of the

22  Government Claims Act in order to accomplish such a change. Cf. Cal. Gov't Code §

23  930.2. California law allows a public entity to alter the requirements of the Government

24  Claims Act. See Id.; Alliance, 64 Cal.App.4th at 644.

25         This Court in ruling on County's motion to dismiss acknowledged that its

26  interpretation of the effect of Section XVIII was based solely upon what was presented

27  in the pleadings and effectively acknowledged that other evidence might bear on the

28

1  interpretation and alter the outcome. Defendant was given the opportunity to raise the

2  issue again and submit additional facts and evidence in support of its position. It has

3  availed itself of that opportunity. However, the Court finds that the evidence submitted

4  does not change the outcome. The new evidence does not suggest the County and

5  GSS intended to rule out the effect of wording which reflects in very plain English the

6  parties mutual understanding and agreement that **all notices of any kind required by**

7  **the Agreement or by law** generally were to be given as provided in Section XVIII.

8        The counties' argument that the plain meaning of the Agreement, construed in

9  keeping with the parities' intentions, means "all notices required by law or Agreement . .

10  . except those sent in connection with the filing of a Government Claim" not only defies

11  logic, but also create that "trap for the unwary" that was clearly not what government

12  claims procedures were intended to be. In this case, information sufficient to enable the

13  County to investigate and react to the GSS claim and determine whether to resolve it or

14  allow litigation to proceed was provided by GSS as directed by the County in Section

15  XVIII within the time allowed by law. The County had all the information it needed and

16  all that was required under the law.

17  **VII.**    **CONCLUSION AND ORDER**

18        It is undisputed the parties approved the Agreement to include Section XVIII,

19  which allows GSS governmental claim to be presented to the County's Probation

20  Department, that the claim presented by GSS on January 24, 2011 substantially

21  complied with the statutory requirements of Government Code § 910, and that the claim

22  presented by GSS on January 24, 2011 complied with the contractual requirements of

23  Section XVIII.

24  ////////

25  ////////

26  ////////

27

28

1    Accordingly, it is hereby ordered that Defendant's Motion for Summary Judgment

2    (ECF No. 33) is DENIED.

3

4

5

6

7

8    IT IS SO ORDERED.

9    Dated:    April 18, 2013          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28